UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNEL W. MORGAN,<br>　　　　Petitioner<br>　　v.<br>M.E. SPEARMAN, WARDEN,<br>　　　　Respondent. | Case No. CV 15-3704-DOC (GJS)<br><br>ORDER: SUMMARILY DENYING AND DISMISSING PETITION; AND DENYING CERTIFICATE OF APPEALABILITY |

On May 15, 2015, Petitioner filed a 28 U.S.C. § 2254 habeas petition in this district ("Petition"). Concurrently, Petitioner filed a signed "Election Regarding Consent to Proceed Before a United States Magistrate Judge," in which he checked the "Yes" box stating, "Yes, I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment." (*See* Dkt. No. 3.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the claims alleged in the Petition are not cognizable and could

not be rendered cognizable through amendment. Therefore, the Petition must be dismissed,[1] for the following reasons.

## BACKGROUND

Petitioner is serving a Three Strikes sentence of 25 years to life following his 1995 conviction in Los Angeles Superior Court Case No. YA022589 for a violation of California Health & Safety Code § 11351.5. (Petition at 2, Ex. B.) In a

---

[1] **Error! Main Document Only.** "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Petitioner is the only "party" to the proceeding to date, and he has consented to the jurisdiction of the undersigned United States Magistrate Judge. Respondent has not yet been served with the Petition and, therefore, is not yet a party to this action. *See, e.g. Travelers CAs. & Sur. Co. of Am. v. Brenneke,* 551 F.3d 1132, 1135 (9th Cir. 2009) ("'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'"). Indeed, given the noncognizable nature of the claims alleged and this Court's attendant Rule 4 obligation dismiss the Petition summarily, serving the Petition upon Respondent would be inappropriate. When, as here, the petitioner has consented to magistrate judge jurisdiction and the respondent has neither been served with process nor appeared in the action, a magistrate judge may properly exercise consent jurisdiction over the case pursuant to Section 636(c)(1), including by ordering that dismissal of the action is warranted. *Wilhelm v. Rotman*, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that a magistrate judge had jurisdiction to dismiss a prisoner's 42 U.S.C. § 1983 action, *sua sponte* and pursuant to 28 U.S.C. § 1915A screening, when the prisoner checked the box on a consent form that read "The undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case," and no defendant had yet been served in the action); *see also Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter."); *Allen v. Hill*, CV 13-4182, 2013 WL 6154205, at *3 n.3 (C.D. Cal. Nov. 22, 2013) (finding that a magistrate judge may dismiss a Section 2254 petition as untimely when the petitioner had consented to have a magistrate judge conduct all case proceedings in the case and respondent had not been served).

1  bifurcated proceeding, Petitioner was found to have suffered three prior serious or
2  violent felony convictions, namely, three 1991 convictions for attempted second
3  degree murder.  As a result, Petitioner's sentence was enhanced pursuant to
4  California Penal Code §§ 667(b)-(i) and 1170.12(a)-(d) and he received a Three
5  Strikes sentence.  (*Id.; see also* Exs. C-E.)  Petitioner's conviction was affirmed on
6  appeal.  (Petition at 3.)

7  Over 15 years later, California voters passed Proposition 36, also known as
8  the Three Strikes Reform Act, which added Section 1170.126 to the California Penal
9  Code effective November 7, 2012 ("Section 1170.126").  Section 1170.126 "created
10  a postconviction release proceeding whereby a prisoner who is serving an
11  indeterminate life sentence imposed pursuant to the three strikes law for a crime that
12  is not a serious or violent felony and who is not disqualified, may have his or her
13  sentence recalled and be sentenced as a second strike offender unless the court
14  determines that resentencing would pose an unreasonable risk of danger to public
15  safety." *People v. Yearwood*, 213 Cal. App. 4th 161, 168 (2013).  The sentence
16  reduction provisions of Section 1170.126(e) exclude prisoners who have sustained
17  prior convictions of certain types, which include prior convictions for attempted
18  murder.  *See* California Penal Code §§ 1170.12(e)(3), 667(e)(2)(C)(iv)(IV), and
19  1170.12(c)(2)(C)(iv)(IV).

20  On September 30, 2013, Petitioner filed a petition for recall of sentence
21  pursuant to Section 1170.126.  On October 18, 2013, the trial court denied the
22  petition with prejudice.  The trial court found that Petitioner's prior conviction for
23  attempted murder was a disqualifying offense pursuant to California Penal Code §
24  667(e)(2)(C)(iv)(IV), and thus, Petitioner is "ineligible for resentencing pursuant to
25  Penal Code section 1170.126(e)(3)." (Petition, Ex. M.)  Petitioner then filed a
26  habeas petition in the California Court of Appeal, which raised Ground One of the
27
28

1   Petition.  The California Court denied habeas relief on February 11, 2014.  (Petition,
2   Ex. N.)[2]  Petitioner filed a habeas petition in the California Supreme Court, again
3   raising Ground One, which was denied on June 11, 2014.  (Petition, Ex. Q.)
4        On September 24, 2014, Petitioner filed a habeas petition in the trial court,
5   which raised Ground Two of the Petition.  That petition was denied on an unknown
6   date.  (Petition at 5(3).)  Petitioner then raised Ground Two in a mandamus petition
7   filed in the California Court of Appeal, which was denied on January 5, 2015.
8   (Petition, Ex. R.)   Petitioner alleges that, in February 2015, he filed a habeas
9   petition in the California Supreme Court raising Ground Two, which remains
10  pending.  (Petition at 5(3).)  However, a review of the dockets for the California
11  Supreme Court (available at http://appellatecases.courtinfo.ca.gov) shows that the
12  most recent habeas petition filed by Petition in the state high court is the above
13  noted petition denied on June 11, 2014, and no habeas filing in 2015.[3]
14       Thus, the record indicates that while Petitioner apparently has exhausted
15  Ground One, Ground Two is unexhausted, because the California Supreme Court
16  has not yet had a chance to consider and rule on the claim.  The Petition, therefore,
17  is "mixed," because it contains exhausted and unexhausted claims.  In the normal
18  course, a federal habeas court could not consider a "mixed" petition; dismissal of the
19  petition as a whole, or of the unexhausted claim, would be required.  Nonetheless,
20  under 28 U.S.C. § 2254(b)(2), a federal habeas court may deny an unexhausted
21  claim on its merits when the claim does not state a colorable claim for relief.
22  *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).  As Ground Two plainly

---

[2]   Concurrently, Petitioner filed a motion in the state appellate court asking that his prior "strikes" be dismissed or stricken pursuant to California Penal Code § 1385.  The California Court of Appeal denied the motion on February 11, 2014.  (Petition, Exs. O-P.)

[3]   The Court takes judicial notice of such dockets pursuant to Rule 201 of the Federal Rules of Evidence.

4

fails on federal habeas review, the Court declines to take any dismissal action. *See id.*; *cf. Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005) (intimating that Section 2254(b)(2) permits the consideration, and the denial, of "plainly meritless" claims).

**DISCUSSION**

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 112 S. Ct. 475, 480 (1991) (internal citations omitted). It is well-settled that federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241, 2254; *see also Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (*per curiam*) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'") (citation omitted); *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (*per curiam*) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts"); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Generally, a challenge to a state court's application of state sentencing laws does not give rise to a federal question cognizable on federal habeas review. *See Lewis v. Jeffers*, 110 S. Ct. 3092, 3102 (1990); *see also Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that offense did not constitute a "serious felony" held not to be cognizable on federal habeas review, because it "is a question of state sentencing law"); *Sturm v. California Youth Authority*, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show both state sentencing error and that the error was "so arbitrary or capricious as to constitute an independent due

5

1  process" violation.  *Richmond v. Lewis*, 113 S. Ct. 528, 536 (1992).

2  *Ground One:*

3

4       Ground One of the Petition rests on three premises.  First, Petitioner asserts
5  that his prior convictions do not fall within the exclusion provisions of Section
6  1170.126(e), which preclude a prisoner form having his sentence recalled.  Second,
7  Petitioner asserts that a host of constitutional violations would arise if there were a
8  finding, at step two of the Section 1170.126 recall of sentence procedure, that
9  Petitioner poses an unreasonable risk of danger to public safety.  Petitioner contends
10 that any such potential determination would be factually erroneous and violate the
11 Sixth Amendment right to trial by jury and the Equal Protection Clause.  He asks the
12 Court to make a step two determination that he does not pose an unreasonable risk
13 of danger and then to resentence him under Section 1170.126.  Third, Petitioner
14 contends that Proposition 36 itself violates the Ex Post Facto Clause.  Each of these
15 arguments is without merit.

16      Petitioner's first contention rests on his assertion that his 1991 guilty pleas to
17 the attempted murder charges asserted against him were defective, because
18 purportedly, "no one" asked him in open court whether he wished to freely and
19 voluntarily admit he committed such crimes.  On the record before the Court,
20 including the transcript of Petitioner's 1991 plea colloquy (Petition, Ex. E), this
21 contention appears to be frivolous.  In any event, the Court need not resolve the
22 specifics of what was said or not said at Petitioner's 1991 plea colloquy, because the
23 record unquestionably shows that Petitioner suffered three convictions for attempted
24 murder in 1991, and his attempts to overturn those convictions have been
25 unsuccessful.  (*See* Petition, Exs. C, E, F, T.)  Indeed, Petitioner explicitly admits
26 that, "[i]n 1991, under case number BA038166, Petitioner pled guilty to three counts
27 of attempted murder in the second degree, in violation of Section 664/187 of the
28 California Penal Code."  (Petition at 5(7).)  Petitioner's first contention, thus, fails

on its face.

With respect to Petitioner's second contention, under California law, when a trial court receives a petition for recall of sentence, it must make three determinations. "First, the court must determine whether the prisoner is eligible for resentencing; second, the court must determine whether resentencing would pose an unreasonable risk of danger to public safety; and third, if the prisoner is eligible and resentencing would not pose an unreasonable risk of danger, the court must actually resentence the prisoner." *People v. Superior Court (Kaulick)*, 215 Cal. App. 4th 1279, 1299 (2013). In resolving Petitioner's Section 1170.126 motion, the trial court did not proceed beyond the first step, because it found that Petitioner was ineligible for resentencing due to the nature of his prior convictions. (Petition, Ex. M.) There is no question that attempted murder, in violation of Sections 664 and 187 of the California Penal Code, is a crime that falls within the exclusion provisions of Proposition 36. *See* California Penal Code §§ 1170.12(e)(3), 667(e)(2)(C)(iv)(IV), and 1170.12(c)(2)(C)(iv)(IV). The trial court, therefore, did not proceed to the step two inquiry regarding dangerousness. Indeed, it could not do so, because under California law, Petitioner was not eligible for resentencing at all.

Petitioner's lengthy arguments regarding why an adverse finding at step two regarding dangerousness would be factually unwarranted and violate the United States Constitution rest upon speculation about an event that has not actually happened and do not state any matter that this Court has the power to adjudicate. Under the "case or controversy" requirement of Article III, §2 of the United States Constitution, federal courts may not decide hypothetical issues or render advisory opinions. See *Princeton University v. Schmid*, 102 S. Ct. 867, 869 (1982); see also *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 102 S. Ct. 752, 757 (1982) (Article III limits the judicial power of courts "to the resolution of 'cases' and 'controversies'"). "The requirements of Art. III are not satisfied merely because a party requests a court of the United States to declare

its legal rights." *Id.* at 758.

Petitioner's request that a federal habeas court render the state law determination the state courts did not make -- namely, to proceed to and resolve steps two and three of the Section 1170.126 recall of sentence procedure -- is improper. Whether or not Petitioner could satisfy these two steps is purely a state law question and solely a matter for the state courts. The state courts determined , at step one, that Petitioner is ineligible for sentence recall and resentencing under Section 1170.126 due to his prior attempted murder convictions. On its face, that determination plainly is correct, but in any event, this federal habeas court is bound by the state trial court's conclusion that California law forbids affording Section 1170.126 relief to Petitioner, because he is ineligible for such relief at the threshold step of the analysis. *See Bradshaw v. Richey*, 126 S. Ct. 602, 604 (2005) (*per curiam*). No state sentencing error occurred when the trial court denied Petitioner's petition to recall his sentence, and there was nothing arbitrary or capricious in the trial court's finding that Petitioner's prior attempted murder conviction rendered his Three Strikes sentence ineligible for recall under Section 1170.126.

Finally, Petitioner's third contention fails, because no ex post facto violation exists based upon the trial court's finding that Petitioner is ineligible for Section 1170.126 sentence recall. Petitioner's assertion that Proposition 36 and the enactment of Section 1170.126 "lengthens the period that he must spend in prison" is, of course, untrue. Petitioner's sentence for his 1995 conviction has not changed; the denial of his Section 1170.126 motion did not add a single day to Petitioner's existing Three Strikes sentence. The 2012 enactment of the Section 1170.126 recall procedure neither lengthened Petitioner's sentence nor retroactively eliminated any previous possibility of a reduced sentence, as no such possibility existed before Proposition 36 was approved and went into effect. As the California Court of Appeal aptly noted, "[a] finding an inmate is not eligible for resentencing under section 1170.126 does not increase or aggravate that individual's sentence; rather, it

8

leaves him or her subject to the sentence originally imposed." *People v. Osuna*, 225 Cal. App. 4th 1020, 1040 (2014) (concluding that a finding a defendant was ineligible for resentencing due to the violent nature of his present offense "did not increase the penalty to which defendant was already subject, but instead disqualified defendant from an act of lenity on the part of the electorate to which defendant was not constitutionally entitled"). There simply is no ex post facto concern in this situation.

Petitioner's attempt to transform his claim of an alleged misapplication of Section 1170.126 into a claim of a violation of his federal constitutional rights is unavailing. Draping this question of state law in the verbiage of the Sixth Amendment or equal protection or the Ex Post Facto Clause does not render the claim cognizable here. *See Langford*, 110 F.3d at 1389 (a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"); *see also Little v. Crawford*, 449 F.3d 1075, 1083 n.6 (9th Cir. 2006) (observing that a showing of a possible "'variance with the state law'" does not constitute a federal question, and that federal courts "'cannot treat a mere error of state law, if one occurred, as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question'"; citation omitted). By summarily denying relief, the California Court of Appeal and the California Supreme Court agreed with the trial court[4] that Petitioner is ineligible for Section 1170.126 relief due to the nature of his prior convictions and, thus, no state sentencing error occurred. Because this Court must defer to the

---

[4] **Error! Main Document Only.**The summary denials of relief by the California Court of Appeal and the California Supreme Court are deemed to rest on the same basis articulated by the trial court, namely, that Petitioner is ineligible for resentencing under Section 1170.126, because for purposes of that statute, his prior convictions for attempted murder are serious and/or violent felonies. *See Ylst v. Nunnemaker*, 111 S. Ct. 2590, 2594 (1991); *Cannedy v. Adams*, 706 F.3d 1148, 1157-59 (9th Cir.), *amended by* 733 F.3d 794, *cert. denied*, 134 S. Ct. 1001 (2013).

state high court's determination that no state sentencing error occurred, Petitioner's claim does not state a cognizable federal habeas claim, *Richmond*, 113 S. Ct. at 536, and it cannot serve as a basis for federal habeas relief. *See Hill v. Brown*, CV 14-662-CJC (RNB), 2014 WL 1093041 (C.D. Cal. March 18, 2014) (rejecting as noncognizable petitioner's federal constitutional challenge to the denial of his Section 1170.126 petition to recall his sentence, and summarily denying the federal habeas petition pursuant to Rule 4); *Cooper v. Supreme Court of California*, CV 14-124-CAS (CW), 2014 WL 198708 (C.D. Cal. Jan. 16, 2014) (same).

*Ground Two:*

In Ground Two, Petitioner contends that, in light of a 2014 decision of the California Supreme Court, he is entitled to have the California Penal Code § 1385 motion he made at his 1995 sentencing hearing, *i.e.,* to strike his prior convictions, reconsidered and granted. Petitioner argues that since the trial court denied his motion in 1995, California law has been "clarified" in his favor, and thus, his 1995 motion should be revisited and granted.

As noted above, this claim is unexhausted. The Court nonetheless may deny it, because on its face, the claim fails to set forth a cognizable basis for federal habeas relief. The sole issue raised by Ground Two is whether *California law* warrants a reconsideration of the 1995 decision of the trial court to decline to strike Petitioner's prior attempted murder convictions for purposes of California's Three Strikes sentencing rules. At most, this claim gives rise to an issue of state law. There is no federal issue this Court can consider pursuant to 28 U.S.C. § 2254.

The Court has construed the Petition as liberally as possible. Having done so, it is evident that Ground Two does not, and cannot, state a cognizable basis for federal habeas relief. Petitioner's contention is, simply, that under California law, he should be resentenced and given a shorter prison term through the mechanism of striking his prior convictions. He does not, and cannot, invoke any federal issue in

connection with the subject matter of Ground Two, because any rights Petitioner possesses under Section 1385 arise solely under state law. Petitioner's claim that he should be re-sentenced is "exclusively concerned with state law and therefore not cognizable in a federal habeas corpus proceeding." *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993). Hence, his Ground Two sentencing claim is not cognizable in federal habeas review even if it was exhausted and, under Rule 4, must be dismissed.

\* \* \* \* \*

Accordingly, for the foregoing reasons, it is ORDERED that the Petition shall be DENIED AND DISMISSED WITH PREJUDICE.

In addition, the Court concludes that a certificate of appealability is unwarranted in this case, because Petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determination that the Petition is not cognizable. Thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 21, 2015.

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE